IN THE UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD J. YEAGER )  Case No.
26 Lexington Place )
Austintown, Ohio )  Judge 5:14 CV 0567
 )
 Plaintiff )  **COMPLAINT** JUDGE GWIN
 )
vs. )
 )  WITH
FIRSTENERGY GENERATION CORP. )  MAG. JUDGE BAUGHMAN
76 South Main Street )
Akron, Ohio 44308 )  **JURY DEMAND ENDORSED HEREON**
 )
 Defendant )

## *Jurisdiction*

Pursuant to 42USC§2000e and RC§4112.99, this action is brought to remedy religious discrimination in employment.

Jurisdiction is conferred by 28USC§1331, together with this Court's supplemental jurisdiction over state law claims.

## *First Claim*
### *(Title VII of Civil Rights Act of 1964, as amended)*

1. At all times relevant and respectively, Plaintiff and Defendant were "employee" and "employer" within the meaning of 42USC§2000e(f) and (b).

2. At all times relevant, Plaintiff has been and remains a Christian Fundamentalist having a sincerely-held religious belief and conviction against his identification by any number, the "Mark of the Beast," including a social security account number.

3. In furtherance of that belief and conviction, Plaintiff has no social security account number, having disclaimed and disavowed such upon his emancipation from minority where it had

been provided through the so-called "enumeration at birth" program.

4. At all times relevant, Defendant was aware of Plaintiff's stated belief and conviction, and that he had no such number.

5. On 6/15/12, despite that awareness, Defendant either refused to hire Plaintiff or terminated his employment, as the case may be, "as you have not provided a Social Security Number as required."

6. Such a refusal to reasonably accommodate Plaintiff's stated religious observance or practice without undue hardship in conducting its business constituted unlawful religious discrimination in employment.

7. Defendant's stated conduct constituted a deliberate and willful violation of Title VII.

8. Plaintiff's Notice of Suit Rights under Title VII is hereto attached.

9. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of employment, its earnings and benefits.

### *Second Claim*
### *(RC Chapter 4112)*

1. Plaintiff realleges and, by reference herein incorporates the allegations heretofore contained in ¶¶2-6 of his First Claim.

2. At all times relevant, Defendant was an "employer" within the meaning or RC§4112.01(A)(2).

3. Defendant's stated conduct, a violation of RC Chapter 4112, was willful, wanton, malicious and/or effected in reckless disregard of Plaintiff's legally-protected interests.

4. As a direct and proximate result of that conduct, Plaintiff suffered the injury, losses and damages more particularly described in ¶9 of his First Claim.

WHEREFORE, Plaintiff demands judgment against Defendant :

(1)     For reinstatement to employment or, if appropriate, front pay;

(2)     For backpay, seniority and attending fringe benefits, from 6/15/12 until reinstatement to employment; and

(3)     For double damages; exemplary damages; an award of reasonable attorney fees and expenses; interest as provided by law; and recovery of the costs of suit.

Plaintiff further demands a trial by jury on the legal issues joined.

                                      GUARNIERI & SECREST, P.L.L.

                                      */s/ Michael D. Rossi*

                                      MICHAEL D. ROSSI (#0005591)
                                      151 East Market Street
                                      P.O. Box 4270
                                      Warren, Ohio 44482
                                      Telephone: (330) 393-1584
                                      Facsimile: (330) 395-3831
                                      E-mail: mrossi@gsfirm.com
                                      Attorney for Plaintiff