UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
DONALD J. YEAGER, :
: CASE NO. 5:14-CV-567
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 6, 11, & 13]
FIRSTENERGY GENERATION CORP., :
:
Defendant. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case about Plaintiff's lack of a social security number and Defendant's refusal to let him participate in its internship program, Defendant FirstEnergy Generation Corp. ("FirstEnergy") moves the Court to dismiss Plaintiff Donald J. Yeager's Complaint for failure to state a claim upon which relief can be granted.[1] Plaintiff opposes.[2] For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

**I. Background**

Plaintiff Yeager is a Fundamentalist Christian who disavowed his social security number when he turned 18 years old.[3] Plaintiff Yeager believes that his identification by any number – including a social security account number – causes him to have the "Mark of the Beast," which his religion prohibits.[4]

---

[1] Docs. 6; 13.
[2] Doc. 11.
[3] Doc. 1 at 1-2.
[4] *Id.* at 1.

Case No. 5:14-CV-567
Gwin, J.

In 2012, Plaintiff Yeager applied for an internship position at Defendant FirstEnergy. On June 15, 2012, because Plaintiff Yeager refused to supply a social security number, Defendant FirstEnergy "either refused to hire Plaintiff or terminated his employment."[5]

On March 14, 2014, Plaintiff Yeager sued Defendant FirstEnergy for discriminating against him on the basis of religion in violation of federal and state law.[6] Specifically, Plaintiff Yeager says that Defendant's refusal to "reasonably accommodate Plaintiff's stated religious observance or practice without undue hardship in conducting its business constituted unlawful religious discrimination in . . . violation of Title VII" and comprised a violation of Ohio Revised Code Chapter 4112.[7]

In response, Defendant FirstEnergy filed a motion to dismiss.[8] Plaintiff Yeager opposed, saying that a motion to dismiss was an improper vehicle for dismissal.[9] The motion is now ripe for decision.

## II. Legal Analysis

**A. Defendant's Motion to Dismiss Under Rule 12(b)(6)**

In opposition to Defendant's motion, Plaintiff Yeager says that Defendant's motion to dismiss under Rule 12(b)(6) is improper since he has put at issue the question of whether he was "required" to provide a social security number on his employment application.[10] Plaintiff says that

---

[5] *Id.* at 2.
[6] Doc. 1.
[7] *Id.*
[8] Doc. 6.
[9] Doc. 11.
[10] *Id.*

Case No. 5:14-CV-567
Gwin, J.

this issue requires consideration of matters outside the pleading.[11/] Plaintiff attaches two letters to him from FirstEnergy regarding his internship application to his opposition brief.[9/]

Plaintiff Yeager's argument makes no sense. If a party offers materials outside the pleadings to accompany a motion to dismiss, a court has two options. The court may either exclude the additional material and decide the matter based upon the complaint alone, or it may treat the motion to dismiss as a motion for summary judgment.[10/]

Here, the Court will exclude the additional material and decide the motion based upon the complaint alone. Because the allegations in Plaintiff Yeager's complaint did not incorporate by reference the application or even mention the application itself, the Court sees no reason to consider the materials Plaintiff has attached to his opposition to the motion to dismiss.

Moreover, as described below, the contents of the letters attached to Plaintiff's opposition would have no bearing on Plaintiff Yeager's ability to maintain a religious discrimination claim.

**B. Dismissal of Plaintiff's Claims Under Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[11/] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[12/]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires

---

[11/] *Id.*
[9/] Docs. 11-1; 11-2.
[10/] *See Cincinnati Ins. Co. v. Hertz Corp.*, 776 F. Supp. 1235, 1238 (S.D. Ohio 1991).
[11/] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[12/] *Id.*

Case No. 5:14-CV-567
Gwin, J.

that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[13] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations."[14]

In order to maintain a claim for religious discrimination under Title VII, an employee must plead that (1) he holds a bona fide religious belief in conflict with an employment requirement; (2) he informed the employer of the belief; and (3) the employer did not hire him because of his failure to satisfy the requirement.[15]

Defendant FirstEnergy says that Plaintiff Yeager cannot state a claim for religious discrimination under Title VII because Plaintiff's complaint fails to contain allegations to satisfy even the first prong.[16]  Defendant FirstEnergy says that the requirement to provide a social security number is a requirement imposed by law, not by FirstEnergy and, therefore, Plaintiff has not shown the existence of an employment requirement in conflict with his religious belief involving the "Mark of the Beast."[17]

This Court agrees.  The IRS requires every employee to have a social security number.[18]

---

[13] Fed. R. Civ. P. 8(a)(2).

[14] Id.

[15] See Toledo v. Nobel–Sysco, Inc., 892 F.2d 1481, 1486 (10th Cir.1989).

[16] Doc. 6.

[17] Id.

[18] In certain circumstances, none of which are present here, employees may use other types of taxpayer identification numbers. See 26 U.S.C. § 6109(d); 26 C.F.R. § 301.6109–1(a)(1)(ii); McIlwain v. C.I.R., 2006 WL 2192113, at *3 (D.Or. Apr. 14, 2006)("There are three types of tax identification numbers: (1) a Social Security Number, (2) an Internal Revenue Service individual taxpayer identification number (IRS-ITIN), and (3) an employer identification number (EIN). 26 CFR 301.6109-1(a). Under 26 CFR 301 .6109-1(a)(1)(ii)(B), "[e]xcept as otherwise provided in paragraph (a)(1)(ii)(D) of this section, an individual required to furnish a taxpayer identifying number but who is not eligible to obtain a social security number, must use an IRS individual taxpayer identification number." Id. An IRS-ITIN is "a taxpayer identifying number issued to an alien individual by the Internal Revenue Service, upon application, for use in connection with filing requirements under this title.... For purposes of this section, the term alien individual means an individual who is not a citizen or national of the United States." Id. at (d)(3)(i). The regulations state that "[a]ny
(continued...)

-4-

Case No. 5:14-CV-567
Gwin, J.

And, both the employee and the employer face potential penalties from the IRS for not reporting the employee's social security number.[19] Though the penalties may be waived for reasonable cause,[20] Plaintiff Yeager has not provided anything to indicate that religious beliefs will be considered reasonable cause. And, that the penalties may be waived does not change the fact that the requirement for employees to have a social security number is a legal one imposed by the IRS – not FirstEnergy.[21] Under these circumstances, Plaintiff Yeager has failed to plead facts that could support a *prima facie* case of religious discrimination under Title VII.

Plaintiff's claim of religious discrimination brought under Ohio state law fails for the same reasons.[22]

---

[18](...continued) individual who is duly assigned a social security number or who is entitled to a social security number will not be issued an IRS individual taxpayer identification number." 26 CFR 301.6109-1(d)(4).).

[19] *See* 26 U.S.C. §§ 6721, 6722, 6723.

[20] 26 U.S.C. § 6724(a).

[21] *See Seaworth v. Pearson*, 203 F.3d 1056 (8th Cir. 2000); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826 (9th Cir. 1999); *Casebolt v. Covenant Care, Inc.*, 1999 WL 450873 (9th Cir. 1999); *Baltgalvis v. Newport News Shipbuilding, Inc.*, 132 F. Supp. 2d 414 (E.D. Va. 2001); *Weber v. Leaseway Dedicated Logistics, Inc.*, 5 F. Supp. 2d 1219, 1222 (D. Kan. 1998); *EEOC v. Allendale Nursing Ctr.*, 996 F. Supp. 712, 717 (W.D. Mich. 1998). In addition, staff members from the EEOC Office of Legal Counsel have articulated that "the Internal Revenue Code requires employers to provide their employees' social security numbers to the IRS and . . . employers therefore are not required to accommodate an employee's religious objections to using social security numbers." EEOC Informal Discussion Letter (July 14, 2003), *available at* http://www.eeoc.gov/eeoc/foia/letters/2003/titlevii_religion_ssn.html.

[22] *See Mengelkamp v. Lake Metropolitan Housing Authority*, 2013 WL 5933671, at *10 (6th Cir. Nov. 4, 2013) ("Both the Supreme Court of Ohio and [the Sixth Circuit Court of Appeals] have recognized that a claim under Ohio Revised Code §4112 mirrors one brought under Title VII, so both can be analyzed solely under Title VII.") (citing *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St. 2d 192, 196 (1981)).

Case No. 5:14-CV-567
Gwin, J.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: June 27, 2014                    s/      *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE